UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WESLEY WILSON | § § § § § | MISCELLANEOUS NO. H-19-1115 |

## **MEMORANDUM AND ORDER**

Using a Standard Form 95 from the United States Department of Justice, the Reverend Wesley Wilson has filed a "Claim for Damage, Injury or Death" under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* His claim relates to a civil action, *Wilson v. TD Auto Finance, LLC, et al.*, Civil Action No. H-16-3442, he filed in the United States District Court for the Southern District of Texas, Houston Division. Wilson alleges that the district court presiding over that case improperly dismissed it. He seeks a total of $1,665,000.00 in damages. The record and the law make it clear that Wilson's claim lacks merit and must be dismissed. The reasons are explained below.

**I.     Background**

On November 21, 2016, Wilson filed Civil Action No. H-16-3442 against TD Auto Finance, LLC; the Chief Executive Officer of TD Auto Finance, Thomas F. Gilman; Central Houston Nissan; and the General Manager of Central Houston Nissan, Chad Milow. Wilson sought damages and rescission of a motor-vehicle retail installment sales contract entered into on November 22, 2013. Under that contract, Wilson agreed to purchase a 2013 Nissan Murano from Central Houston Nissan and make monthly installment payments starting on December 22, 2013, to TD Auto Finance, which financed $35,035.02 of the total purchase price, which was $51,711.76. Wilson appeared to claim that the defendants violated the Truth-in-Lending Act, 15 U.S.C. § 1601

*et seq.*, because the beginning date for his monthly installment payments should have been January 6, 2014, not December 22, 2013.

Central Houston Nissan and Milow filed a joint motion to dismiss Wilson's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the statute of limitations barred Wilson's claims. Section § 1640(e) states that a claim for damages under the Truth-In-Lending Act must be filed one year from "the date of occurrence of the violation."[1] TD Auto Finance and Gilman also filed a joint motion to dismiss Wilson's complaint under Rule 12(b)(6), arguing limitations and that rescission under the Truth in Lending Act did not apply to the credit transaction at issue.[2] This motion also argued that a Texas court lacked personal jurisdiction over Gilman, a Michigan resident who retired as CEO of TD Auto Finance over a year before the contract date, had no involvement in the transaction, and no connection to Texas.[3]

At a status conference on January 30, 2017, the district court agreed with the defendants that Wilson's claim under the Truth-in-Lending Act was untimely and dismissed the case.[4] Wilson did not appeal. Instead, in September 2017, Wilson moved for relief under Rule 60(b) of the Federal Rules of Civil Procedure, arguing that the judgment was obtained by "fraud" and was "void" because his claims were subject to a three-year statute of limitations. Wilson argued that the district court should be disqualified for conspiring with the defendants to commit fraud. Wilson sought a writ of "continuing mandamus." After considering responses from the defendants, the

---

[1] *See* Central Houston Nissan and Chad Milow's Motion to Dismiss the Complaint of Rev. Wesley Wilson, Docket Entry No. 5, in Civil Action No. H-16-3442.
[2] *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, Docket Entry No. 8, in Civil Action No. H-16-3442.
[3] *See id.*
[4] *See* Order Following Telephone Scheduling Conference held on Jan. 30, 2017, Docket Entry No. 21, in Civil Action No. H-16-3442.

2

district court struck Wilson's motion from the record. Wilson filed another Rule 60(b) motion, arguing that the district court should recuse or be disqualified from presiding over his case. The district court struck this motion as well.

In January 2018, Wilson filed a petition for a writ of mandamus with the United States Court of Appeals for the Fifth Circuit, arguing that the district court should have been disqualified for dismissing his case under the wrong statute of limitations. The Fifth Circuit denied relief, noting that the writ of mandamus was not a substitute for an appeal and, more importantly, that adverse rulings are not evidence of bias that can justify disqualification. *See In Re Wilson*, No. 18-20004 (5th Cir. May 31, 2018).

In April 2019, Wilson filed his Claim for Damage, Injury, or Death, repeating his argument that Civil Action No. H-16-3442 was improperly dismissed as barred by the one-year statute of limitations in the Truth-in-Lending Act. He seeks the following damages under the FTCA: $65,000.00 for "property damage" and $1,600,000.00 for "personal injury" for a total of $1,665,000.00 from the district court's ruling, which Wilson characterizes as a violation of the Fifth Amendment Due Process Clause. The Clerk's Office filed Wilson's claim as a miscellaneous action for purposes of adjudication.

**II.     Analysis**

Because Wilson is representing himself, the court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this lenient standard, self-represented litigants are still required to "abide by the rules that govern the federal courts." *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (per curiam) (citation and internal quotation marks omitted). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a

plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

Wilson contends that he is entitled to damages under the FTCA because his previous civil action was negligently dismissed, violating his due process rights. Wilson's claim fails because he filed it too late and it lacks merit.

Under the FTCA, a tort claim against the federal government must be filed with the appropriate agency within two years after the claim accrues. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). "A cause of action under federal law accrues within the meaning of § 2401(b) when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (citation and internal quotation marks omitted). Because Wilson bases his claim on the adverse ruling dismissing his case on January 30, 2017, the claim that he filed in April 2019 is too late.

Wilson's claim fails on the merits as well. Absent a waiver, the United States cannot be sued for money damages because it is shielded by sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). As a unit of the federal judiciary, the United States District Court for the Southern District of Texas is entitled to immunity. *See Rutherford v. United States District Court*, 425 F. App'x 400, 400 (5th Cir. 2011) (per curiam) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Although the FTCA can operate as a waiver of sovereign immunity in

limited circumstances, *see* 28 U.S.C. § 1346(b)(1),[5] this waiver does not apply to claims of constitutional violations by government employees. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989) (citing *Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983)); *see also Sampson v. United States*, 73 F. App'x 48, 49 (5th Cir. 2003) (per curiam) ("The FTCA waiver does not encompass federal constitutional torts . . . .").

Wilson's claim for damages is based on an order dismissing a case, issued by a judge performing a judicial function. Judges are entitled to absolute immunity from claims for damages arising from acts performed in their judicial capacity, "even when such acts are . . . alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citation and internal quotation marks omitted); *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."). The United States is entitled to assert absolute judicial immunity from claims under the FTCA. *See* 28 U.S.C. § 2674 ("With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim . . . .").

The dismissal order also involved an element of judgment or choice in making a legal determination. This separately precludes recovery because the discretionary-function exception to the FTCA applies. *See United States v. Gaubert*, 499 U.S. 315, 322-25 (1991). The discretionary-function exception bars

---

[5] Federal district courts have jurisdiction under the FTCA to consider claims for money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

5

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). "Judicial decisions are quintessentially discretionary, and involve exactly the type of policy decisions that the FTCA intended to shield from liability." *Howard v. U.S. Dist. Court for S. Dist. of Ohio*, No. 2:10-cv-757, 2011 WL 1043961, *4 (S.D. Ohio March 17, 2011); *see also, e.g.*, *Castro v. United States*, 608 F.3d 266, 268 (5th Cir. 2010) (the government was protected by § 2680(a) from negligence claims for the wrongful deportation of a U.S. citizen).

Wilson cannot recover money damages from the United States, the Southern District of Texas, or the judge who presided over his previous civil action for the rulings made in Wilson's earlier federal lawsuit. *See Butcher v. Guthrie*, 332 F. App'x 161, 161 (5th Cir. 2009) (per curiam) (citing *McAfee*, 884 F.2d at 222) (the district court properly concluded that the defendant judges were immune from the damages sought by the plaintiff under the FTCA for mishandling his earlier lawsuit). In addition, Wilson cannot relitigate his Truth-in-Lending Act claims in a second lawsuit. The claims are precluded by *res judicata* and collateral estoppel. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016). If Wilson believed that the dismissal of his previous civil action was improper, his remedy was to file a notice of appeal at the time. He did not do so. His administrative claim under the FTCA is not a substitute for an appeal.

## III. Conclusion and Order

Wilson's Claim for Damage, Injury, or Death is denied. This miscellaneous action is dismissed with prejudice.

SIGNED on May 9, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge